UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARVIN C.,

                Plaintiff,

   v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations

                Defendant.

Case No. 3:18-cv-05193-TLF

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION TO DENY BENEFITS

Plaintiff appeals the Commissioner's denial of his applications for disability insurance and supplement security income ("SSI") benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Commissioner's decision is reversed and remanded for further administrative proceedings.

## PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance and SSI benefits in July 2014. Dkt. 10, Administrative Record ("AR") 20. He alleges he became disabled as of June 1, 2014. *Id.* The Commissioner denied his applications on initial administrative review and on reconsideration. AR 20. Following a hearing, an administrative law judge ("ALJ") determined that plaintiff could

perform jobs existing in significant numbers in the national economy, and therefore that he was not disabled. AR 20-35. Plaintiff appeals that decision, seeking reversal and remand for further administrative proceedings.

## STANDARD OF REVIEW

The Court will uphold an ALJ's decision unless it is: (1) based on legal error; or (2) not supported by substantial evidence. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This requires "more than a mere scintilla," though "less than a preponderance" of the evidence. *Id.*; *Trevizo v. Berryhill*, 871 F.3d 664, 674-75 (9th Cir. 2017).

The ALJ is responsible for determining credibility, and for resolving any conflicts or ambiguities in the record. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). If more than one rational interpretation can be drawn from the evidence, then the Court must uphold the ALJ's interpretation. *Trevizo*, 871 F.3d at 674-75. That is, where the evidence is sufficient to support more than one outcome, the Court uphold the decision the ALJ made. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). The Court may not affirm by locating a quantum of supporting evidence and ignoring the non-supporting evidence. *Orn v. Astrue,* 495 F.3d 625, 630 (9th Cir. 2007).

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports, and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* at 1010. Only the reasons the ALJ

1 | identified are considered in the scope of the Court's review. *Id.*

## ISSUES FOR REVEW

1. Did the ALJ err in finding plaintiff could perform "light" work, when the ALJ limited plaintiff to standing and/or walking for a total of two hours in an eight-hour workday?

2. Was the ALJ required to consider whether plaintiff's occupational base had been "significantly reduced"?

3. Did the ALJ err in failing to consider whether to apply an older age category to plaintiff?

## HOLDING

The Court holds that the ALJ erred by: Finding plaintiff could perform light work; failing to consider whether plaintiff's occupational base has been significantly reduced; and failing to consider whether to apply an older age category. The Court, for reasons described below, reverses and remands for additional proceedings.

## DISCUSSION

The Commissioner employs a five-step sequential evaluation process to determine if a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. At step five of that process, the ALJ assesses the claimant's residual functional capacity ("RFC") to determine whether he or she can make an adjustment to other work. *Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013). It is the Commissioner's burden to show the claimant can perform jobs that exist "in significant numbers in the national economy." *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012); 20 C.F.R. §§ 404.1520(e), 416.920(e).

1. *The ALJ Erred in Finding Plaintiff Could Perform "Light" Work*

The ALJ in this case determined that plaintiff had the RFC to perform light work as that term is defined in 20 C.F.R. § 404.1567(b) and § 416.967(b), that did not require standing and/or

walking for more than 40 minutes at one time or for more than two hours total in an eight-hour workday. Dkt. 10, Administrative Record ("AR"), 25. Plaintiff does not contest the finding that he is limited to no more than 40 minutes at a time or more than two hours total standing and/or walking, but he argues the ALJ should have characterized the type of work he is capable of doing as "sedentary" rather than "light" work given that limitation.

The Commissioner's regulations define "light" work as:

> Light work involves lifting no more than 20 pounds at a time with *frequent* lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b) (emphasis added); 20 C.F.R. § 416.967(b) (same). The Commissioner's Rulings state: "[s]ince frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, *the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday*." Social Security Ruling ("SSR")[1] 83-10, 1983 WL 31251, at *6 (emphasis added).

"Sedentary" work is defined as:

> Sedentary work involves lifting no more than 10 pounds at a time and *occasionally* lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

---

[1] SSRs represent the Commissioner's final opinions, orders, statements of policy, and official interpretations. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009). SSRs are "binding on all components of the Social Security Administration." *Brown-Hunter v. Colvin*, 806 U.S. 487, 493 (9th Cir. 2015) (quoting *Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007)). While they "do not carry the 'force of law,'" SSRs "are entitled to 'some deference' as long as they are consistent with the Social Security Act and regulations.'" *Bray*, 554 F.3d at 1224. Thus, courts defer to SSRs "unless they are plainly erroneous or inconsistent with the [Social Security ]Act or regulations." *Revels v. Berryhill*, 874 F.3d 648, 657 (9th Cir. 2017) (quoting *Quang Van Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989)).

20 C.F.R. § 404.1567(a) (emphasis added); 20 C.F.R. § 416.967(a) (same). The Commissioner's Rulings also state:

> "Occasionally" means occurring from very little up to one-third of the time. Since being on one's feet is required "occasionally" at the sedentary level of exertion, *periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday*, and sitting should generally total approximately 6 hours of an 8-hour workday.

SSR 83-10, 1983 WL 31251, at *5 (emphasis added).

Because the RFC in this case limits the total amount of standing and/or walking to two hours total in an eight-hour workday, plaintiff argues the ALJ should have decided that sedentary work was the appropriate category.

The Commissioner's regulations and rulings focus on the amount of time required for standing and/or walking: Up to six hours for light work and up to two hours for sedentary work. *See also* SSR 83-14, 1983 WL 31254, at *4 ("The major difference between sedentary and light work is that most light jobs—particularly those at the unskilled level of complexity—require a person to be standing or walking most of the workday."). The vocational expert at the first hearing opined that two hours on one's feet "pretty much puts the RFC into the sedentary category," even though the lifting requirements for light work are met. AR 72. And the Commissioner apparently recognizes this. *See* Dkt. 13, p. 3.

Under the Commissioner's regulations and rulings regarding the walking and standing requirements for "light" versus "sedentary" work, the ALJ erred in characterizing plaintiff's RFC as "light" work.

    2.   *The ALJ Erred in Failing to Consider Whether Plaintiff's Occupational Base Had Been "Significantly Reduced"*

The Commissioner's rulings provide that "[w]here an individual's exertional RFC does not coincide with the definition of any one range of work as defined in [20 C.F.R. § 404.1567

and § 416.967], the occupational base is affected and may or may not represent a significant number of jobs in terms of the rules directing a conclusion as to disability." SSR 83-12, 1983 WL 31253, at *2. In such cases, the ALJ must "consider the extent of any erosion of the occupational base" and assess the significance of that erosion. *Id.* SSR 83-12 states:

> In some instances, the restriction will be so slight that it would clearly have little effect on the occupational base. In cases of considerably greater restriction(s), the occupational base will obviously be affected. In still other instances, the restrictions of the occupational base will be less obvious.

1983 WL 31253, at *2. In addition, where the extent of erosion is unclear, SSR 83-12 provides that the ALJ "will need to consult a vocational resource." *Id.*

In this case, the ALJ did not expressly ask either of the vocational experts whether plaintiff's occupational base had been significantly reduced. The vocational experts did not testify on this issue, nor did the ALJ adequately consider it.

The first vocational expert testified that although the limitation in the ALJ's RFC to no more than two hours total of walking and/or standing "basically" limited plaintiff to "a sit-down type job," some Cashier II jobs (classified as light, unskilled[2]) consisted of "cashier booth jobs" that would fit that limitation.[3] AR 73. Pursuant to 20 C.F.R. § 404.1567(b), and § 416.967(b), a job falls into the light category, "when it involves sitting most of the time *with some pushing and pulling of arm or leg controls*." (emphasis added). There is no indication the job of Cashier II involves the pushing and pulling of arm or leg controls, or that the first vocational expert considered this issue in identifying the cashier booth jobs. AR 73; DOT 211.462-010, 1991 WL 671840.

---

[2] The job of Cashier II is defined as requiring a Special Vocational Preparation ("SVP") of 2, which corresponds to unskilled work. AR 33, 73; Dictionary of Occupational Titles ("DOT") 211.462-010, 1991 WL 671840; SSR 00-4p, 2000 WL 1898704, at *3.

[3] The only other jobs the first vocational expert identified that an individual with same RFC as plaintiff could do were sedentary. AR 72-73.

The second vocational expert identified three jobs in the light, unskilled work category that an individual with the same RFC as plaintiff could do—Office Helper (DOT 239.567-010), Mail Clerk (DOT 209.687-026), and Fundraiser II (DOT 203.357-014)—but there is no indication any of those jobs involve the pushing and pulling of arm or leg controls. *See* 1991 WL 672232; 1991 WL 671813; 1991 WL 672578. Nor is there vocational expert testimony that those jobs involve the pushing and pulling of arm or leg controls. AR 94. Thus, on remand the ALJ should determine whether plaintiff's occupational base is significantly reduced from light down to the lower category of sedentary.

        3.    *The ALJ Erred in Not Considering Whether to Apply an Older Age Category*

Plaintiff was 47 years old on his alleged onset date of disability, and thus was considered to be a "younger person (under age 50)" as of that date. AR 32; 20 C.F.R. §§ 404.1563(c), 416.963(c). Three days after the ALJ issued his decision, plaintiff turned age 50, placing him in the category of persons "closely approaching advanced age (age 50-54)." AR 32, 35; 20 C.F.R. §§ 404.1563(d), 416.963(d).

The Commissioner's regulations direct a finding of "not disabled" for an individual who has a high school education, is closely approaching advanced age, is limited to light work, and has no transferable skills (20 C.F.R. Pt. 404, Subpt. P, App. 2, § 202.14), whereas they direct a finding of "disabled" if that same individual is limited to sedentary work. (20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.14).

Age categories are not to be applied "mechanically in a borderline situation." 20 C.F.R. §§ 404.1563(b), 416.963(b). If a claimant is "within a few days to a few months of reaching an older age category, and using the older age category would result in a determination" of disability, the Commissioner "will consider whether to use the older age category after

evaluating the overall impact of all the factors of [the claimant's] case." *Id.* While the ALJ "is not *required* to use an older age category, even if the claimant is within a few days or a few months of reaching an older age category," the ALJ must at least "*consider* whether to use" it. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010) (emphasis in the original).

In *Lockwood*, the Court of Appeals upheld the ALJ's analysis of whether to use an older age category:

> The ALJ mentioned in her decision [the claimant's] date of birth and found that [the claimant] was 54 years old and, thus, a person closely approaching advanced age on the date of the ALJ's decision. Clearly the ALJ was aware that [the claimant] was just shy of her 55th birthday, at which point she would become a person of advanced age. The ALJ also cited to 20 C.F.R. § 404.1563, which prohibited her from applying the age categories mechanically in a borderline situation. Thus, the ALJ's decision shows that the ALJ knew she had discretion "to use the older age category after evaluating the overall impact of all the factors of [the claimant's] case." 20 C.F.R. § 404.1563(b). Finally, we are satisfied the ALJ did not "apply the age categories mechanically" because the ALJ "evaluat[ed] the overall impact of all the factors of [the claimant's] case" when the ALJ relied on the testimony of a vocational expert before she found Lockwood was not disabled.

*Id.* (internal footnotes omitted).

Here, the ALJ mentioned plaintiff's date of birth in his decision, yet the ALJ referenced age at the time of plaintiff's alleged onset date of disability. AR 32. There is no indication the ALJ considered plaintiff's age in regard to *the date of the ALJ's decision*, and therefore no reason to infer the ALJ was aware that plaintiff was just shy of his 50th birthday—closely approaching advanced age at that time.

And the record does not show whether plaintiff has any transferable skills. There is no vocational expert testimony on the issue (AR 70-76, 93-97), and the ALJ found that transferability of job skills was not material to the determination of disability (AR 32).

Transferability of job skills is integral to determining whether plaintiff is disabled. *Distasio v. Shalala*, 47 F.3d 348, 349-50 (9th Cir. 1995) (claimant closely approaching advanced age, with high school education, having no transferrable skills, and limited to sedentary work, should have been found disabled under Social Security Regulations) (citing 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.14). This is an issue the ALJ will need to address if it is determined that plaintiff is limited to sedentary work and that the older, closely approaching advanced age, category should apply.

## REMAND FOR FURTHER PROCEEDINGS

Plaintiff seeks reversal and remand for further administrative proceedings. The decision whether to remand for additional evidence or for an award of benefits "is within the discretion of the court." *Trevizo*, 871 F.3d at 682 (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ commits an error, there is uncertainty and ambiguity in the record, and further proceedings can remedy the error, the Court should remand for that purpose, rather than to award benefits. *Leon v. Berryhill,* 880 F.3d 1041, 1045 (9th Cir. 2017); *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017).

The ALJ erred in failing to consider whether the occupational base has been significantly reduced, whether an older age category should apply, and whether plaintiff has any transferrable job skills. Because of these errors it is unclear whether plaintiff is capable of performing other work, what the components of plaintiff's RFC would be, or whether plaintiff should be found disabled at step five. Accordingly, remand for further consideration of those issues is warranted.

## CONCLUSION

For the foregoing reasons, the Court finds the ALJ improperly determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is REVERSED and this matter is

REMANDED to the Commissioner for further administrative proceedings in accordance with the findings herein.

Dated this 16th day of April, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge